The CITY OF AUSTIN, Appellant,

v.

Stanley Gordon HOFFMAN, a Minor et al., Appellees.

No. 11194.

Court of Civil Appeals of Texas.

Austin.

May 6, 1964.

Rehearing Denied May 27, 1964.

Doren R. Eskew, City Atty., Thomas R. Hunter, Asst. City Atty., Austin; Gay & Meyers, Austin, for appellant.

Byrd, Davis & Eisenberg, Marion S. Roberts, Jr., Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment for $82,243.70 based on a jury verdict favorable to appellees.

The suit was filed by Howard B. Hoffman and his minor son, Stanley Gordon Hoffman for damages growing out of personal injuries sustained by the son in a collision between a motor scooter operated by the son and a pickup belonging to the City of Austin, and operated by its employee.

The appeal is predicated on 13 points assigned as error by the Court and are that the Court erred in defining "proper lookout," "excessive speed," etc., as applied to the minor in such manner as to cause the jury to judge his conduct by that of a child, instead of the degree of care required of an adult, in suppressing any showing to the fact that the minor had a driver's license; in refusing pleadings that the father of the minor was negligent in permitting the minor to ride the scooter under the circumstances, in permitting appellees to file a Trial Amendment after the jury had returned its verdict and had been discharged; in permitting appellees to reopen their case and to introduce evidence as to the filing of their claim after the jury had returned its verdict; in submitting issues Nos. 42 and 43 as to further medical services to be furnished the minor during his minority, and after reaching his majority, in submitting issue No. 44 as to the minor's potential earning power in the absence of testimony; in submitting issue No. 45, in the absence of testimony, that the minor would receive, or as to the costs thereof; in refusing witness Swanzy to testify as to the speed of the scooter at the time of and immediately prior to the collision; in permitting Dr. Zedler to testify as to the meaning of and results from a psychological test given to the minor; in submitting issue No. 48 because the elements of damage were not therein specified, and the jury being requested to place a money value on physical impairment and mental impairment of the minor; and finally in rendering judgment in favor of the minor for $25,000.00 for pain and suffering, such finding being greatly excessive.

The minor was about 13 years old. He and a friend were riding a motor scooter on Montopolis Drive when they were involved in a collision with a city truck at the intersection of Montopolis Drive and approaching its intersection Felix Avenue, and when the driver of the truck was making a left turn to go into Felix Avenue in an easterly direction the scooter ran into

the right of the truck and the minor appellee was thrown from the scooter and injured seriously.

We insert herein for orientation and illustration purposes a plat of the area with identification marks and notations thereon:

**APPROXIMATE POSITION OF CITY TRUCK,
HOFFMAN SCOOTER, UNIDENTIFIED CAR AND BISHOP
VEHICLE WHEN CITY TRUCK FIRST BEGAN ITS LEFT TURN**

#1 City Truck     #2 Hoffman Scooter     #4 Unidentified     #5 Bishop Vehicle

On the occasion of the collision, the weather was clear and the surface of the streets was dry.

It does not appear that there is any serious dispute as to the facts concerning the happening of the accident, but the man-

ner of the trial and the procedure is under attack by the appellant as has been mentioned in a restatement of the points of error, and the law as controls the legal effect of the procedure of the trial.

The case was submitted to a jury on 48 special issues, with definitions and instructions in connection therewith.

■ Appellant objected to and complains of the definition of negligence as applied to Stanley Hoffman, as the doing of that which an ordinary prudent child of his age, intelligence, etc. would not have done under the same or similar circumstances, or the failure to do so, and of ordinary care as applied to Stanley Hoffman as meaning the degree of care which an ordinary prudent child, etc. would have exercised, etc., and "proper lookout" and "excessive speed" as applied to Stanley Hoffman being defined as that of a child of the same age and experience, instead of holding him to the degree of care required of an adult.

We do not believe that the Court's definition of proper lookout and excessive speed was error in fixing the standard of care of Stanley Hoffman as that of a child of the same age, experience and intelligence instead as that of an adult driver of a motor vehicle.

■ The general rule is that a minor child is required to use only the care which a child of the same age, intelligence and experience would use.

In Renegar v. Cramer, Tex.Civ.App., 354 S.W.2d 663, er. ref., n. r. e., this Court held that a 14½ year old should be judged by the adult standard of care, but stated:

"If appellant had been 11 years old at the time of the collision, we would follow the decision in Dallas Railway. Since she was then 14½ years of age we believe, under the cases cited by appellant that she is subject to the rule prescribed for a 16-year old person in Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, * * *." At page 676.

■ It would appear that if a child is under the common law bracket of fourteen, the Texas Courts apply the standard of care applicable to children, and on the other hand, if a child is above the age of 14, the adult standard of care is applied, unless it be shown that the child is wanting in discretion or laboring under the handicap of some mental disability. In Rudes v. Gottschalk, 159 Tex. 552, 324 S.W.2d 201, the Court made the statement:

"* * * The age of the child in this case lies within the classic common-law brackets of seven and fourteen. 14 Am.Jur. 811. * * *"

In Dallas Ry. & Terminal Co. v. Rogers, 147 Tex. 617, 218 S.W.2d 456 (1949), an eleven year old child was injured at an intersection. The court held that the child standard of care must be applied. In explaining why the case of Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063 (1939), did not control, the court said:

"* * * The decision has no application to an eleven year old child, who in age and maturity is about midway between the two extremes represented by the very young child, as for example, one three years of age conclusively presumed to be incapable of contributory negligence, and the child in the later years of minority, for example sixteen years of age presumed prima facie to have the capacity and discretion of an adult. Under the authorities above discussed, which are in line with the weight of authority, the standard by which to measure the conduct of an eleven year old child, as regards negligence, is the degree of care ordinarily exercised by children of the same age, intelligence, experience and capacity. 38 Am.Jur. pp. 884–892, Secs. 204, 205; * * *."

The cases cited by appellant involve the operation of an automobile by one in excess of 14 years such as Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063. Douglas v. Corder, Tex.Civ.App., 366 S.W.2d 615, er. ref., n. r. e.

In two other jurisdictions the adult standard of care for children under 14 years of age, "if they are driving automobiles, trucks, airplanes or power boats."

Dellwo v. Pearson, 259 Minn. 452, 107 N.W.2d 859; Betzold v. Erickson, 35 Ill. App.2d 203, 182 N.E.2d 342.

■ When a minor assumes to act as an adult as is recognized in all of the decisions, and in doing so may be judged by the adult standard of care. In such cases emphasis is placed upon the danger that the minor creates to other members of the general public.

Stanley Hoffman was 13 years and 3 months old, and was riding a small motor scooter, and such activity would not be dangerous to other members of the general public.

■ We do not believe that the Court's action in sustaining the appellee's motion in limine to suppress testimony showing that Stanley Hoffman had obtained a driver's license before he became 14 years old was error.

The pretrial order instructed the counsel for the City not to mention in any manner or convey to the jury any of the facts set out in the motion without first obtaining permission of the Court.

At no time during the trial did the City offer evidence of Stanley Hoffman's license to operate a scooter, and the granting of the motion in limine was not reversible error.

Hartford Accident and Indemnity Company v. McCardell, 369 S.W.2d 331, Supreme Court.

■ The third point is directed to the Court's action in refusing to permit appellant to plead that the father of the minor was negligent in permitting the minor to ride the motor scooter under the circumstances. Appellant cites Motsenbocker v. Wyatt, 369 S.W.2d 319, Supreme Court.

We do not believe that the negligence of the father could in anywise affect the minor's recovery. Before the negligence of the father in entrusting the scooter to his son could have been a proximate cause of the accident, the son must have committed a separate act of negligence which was a separate cause of such accident. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016.

Mr. Hoffman could not recover if the minor negligently caused the collision and the negligence of Mr. Hoffman could not become a material issue.

Luvual v. Henke & Pillot, Tex.Civ.App., 366 S.W.2d 831, er. ref., n. r. e.

■ Quintero, the driver of the pickup, admitted that when he first began his left turn, the scooter was so close that it could neither stop nor go around, and the jury found accordingly. The speed of the scooter could not be a proximate cause of the collision. Texas & Pacific Ry. Co. v. Floyd, Tex.Civ.App., 309 S.W.2d 525, er. ref., n. r. e.

■ The fourth and fifth points are directed to the action of the Court in permitting plaintiffs to file a trial amendment, reopen the case and to introduce evidence after the jury had already returned its verdict.

These assignments are in connection with the provision of Article XII, Section 7 of the Charter of the City of Austin, requiring notice in writing of claims.

It was stipulated that the City Manager actually received two notices in connection with the claim involved in this suit. The

notices were not pleaded or proved before the jury, no exception to the pleading pointing out the defect, no motion for a directed verdict was made, and nothing was said about the notices in any manner until the City filed its motion for judgment non obstante veredicto. We believe that the City waived any right to make the complaint when it did.

Rule 9, Texas Rules of Civil Procedure.

At the hearing on the City's motion for judgment, the plaintiffs with leave of the Court filed a trial amendment, pleading that notice was given, and offered both notices in evidence under the provisions of Rule 270, T.R.C.P.

The notices were admitted in evidence and found by the Trial Court not to constitute "evidence on a controversial matter," but only to show, that as a matter of law, a compliance with the charter, and we believe properly so under Rule 270.

McAdams v. Dallas Railway & Terminal Co., 149 Tex. 217, 229 S.W.2d 1012.

■ Points Nos. six, seven and nine are concerned with the submission of Special Issues Nos. 42, 43 and 45, as to the damage issues on future medical up to 21 years of age, future medical after 21 years of age, and special training up to 21 years of age, the City says that no recovery should be allowed for those items because Mr. Hoffman did not specifically state that he would spend the money for that purpose if it were available.

There was medical testimony as to what will be necessary for the minor's proper treatment and care and as to the reasonable costs thereof which is not disputed by the City, but that the father did not testify that he would do what the medical experts said would be necessary.

The findings of the jury as to what medical services and special training will be rendered or received by the child in the future was a function of the jury, and such findings are supported by the record, and the appellees are entitled to the reasonable value thereof.

Renegar v. Cramer, supra.

■ Points Nos. 10 and 11 are directed to rulings of the Court as to the admission of the testimony of Officer Swanzy as to the speed Stanley Hoffman was traveling by the skidmarks and the damage to the pickup. Mr. Swanzy did not see the collision but made his observations and estimates, as an expert, who had investigated many accidents.

The rulings of the Court in refusing to permit the expert witness to testify were discretionary and it is the function of the Court to determine the qualifications of an expert witness to state an opinion.

Bell v. Bradshaw, Tex.Civ.App., 342 S.W. 2d 185, no writ history.

Lone Star Gas Company v. Thomas, Tex. Civ.App., 345 S.W.2d 844, er. ref., n. r. e.

The opinion of Officer Swanzy was that the scooter was going at between 25 and 30 miles per hour when the brakes were applied, based on two factors: (1) the physical damage to the truck and scooter, and (2) the skidmarks left by the scooter.

The officer stated that he had never had any special training in school to determine how fast a vehicle must have been going to bend metal so many inches or make a dent of a certain size, and did not know how much force it takes to bend metal, and had made no such tests; that he made no skidmarks, and that such tests would have to be made to make an accurate estimate of speed. Swanzy's opinion as to the speed of the scooter was inadmissible.

Flores v. Barlow, Tex.Civ.App., 354 S.W. 2d 173, er. ref., n. r. e.

■ We believe that Dr. Zedler, holder of a Ph.D. Degree in Educational Psychology and Speech Pathology, and a college professor at Southwest Texas State College

with much experience in her field, testified as to tests, the results and meaning of psychological tests given as a part of the testing program given by the teachers to Stanley Hoffman, and was well qualified to testify. It was admitted that the tests were given and that the dates and scores were correct.

■ Three tests were given Stanley Hoffman, two before he was injured and one after. On the first test November 16, 1955 at which time his IQ was 96 on the total mental factors, 94 on the language factor and 96 on the non-language factor, a second test was given in November 1960, and similar tests Stanley's IQ was 106 on total mental factors, 96 on language and 115 on non-language factors.

On February 22, 1962 Stanley was given a test and his IQ at that time was 74.

Dr. Zedler; in her testimony, explained in detail the purpose and meaning of the tests given which were standard and used by all good school systems and are reliable and easily administered to groups. That the Stanford Binet Scale Test, given after the injury, was individually given when a child is not achieving at the level it should be and is in trouble.

In comparing the IQ tests on the California form with other tests Dr. Zedler testified that something had happened to the boy between tests, and that he had lost ½ of his intellect.

We believe the Court was within his discretion in permitting the witness to testify; the Court was justified in submitting Issue No. 48, inquiring as to the reasonable cash value of the damages based on such physical impairment if any, that Stanley Hoffman would suffer in the future after he becomes 21 years of age, resulting from injuries, if any, sustained by him—and such mental impairment if any—after he becomes 21 years, etc.—

■ The City's chief complaint is that the Court did not define in the charge "physical impairment" and "mental impairment."

No such definitions or explanatory instructions were requested in writing and tendered in compliance with Rule 279, T.R. C.P.

The 13th point is that the judgment for $25,000.00 for pain and suffering, allowed by the jury, is greatly excessive.

■ We do not believe that the jury awards, one for $4,000.00 for future medical services and another for $25,000.00 awarded for physical pain and mental anguish are either excessive.

At the time of the injury the minor was 13 years and 3 months of age and had a reasonable life expectancy of 56 years, and is aware that his intellect has been greatly damaged, and is self-conscious around other people. The medical expenses will have to be paid as they are incurred.

■ A jury is not required to accept the life expectancy shown in the tables but may determine within its discretion, from all the evidence how long a person will live in all probability, and may consider the rising costs of living.

Chemical Express v. Cole, Tex.Civ.App., 342 S.W.2d 773, er. ref., n. r. e.

Texas Consolidated Transportation Company v. Eubanks, Tex.Civ.App., 340 S.W.2d 830, er. ref., n. r. e.

Renegar v. Cramer, supra.

The judgment of the Trial Court is affirmed.

Affirmed.