Thomas PERRY, Appellant,

v.

H & S MECHANICAL CONTRACTORS,
Appellee.

No. 8939.

Court of Civil Appeals of Texas,
Amarillo.

Jan. 29, 1979.

Rehearing Denied Feb. 26, 1979.

Carson Smith & Associates, Tim L. Hoffman, Amarillo, for appellant.

Gibson, Ochsner & Adkins, James H. Doores, Amarillo, for appellee.

DODSON, Justice.

Thomas Perry brought this common law negligence action against H & S Mechanical Contractors, seeking damages for the loss of his eye in an industrial accident. Mr. Perry's eye was struck by a steel wire while an employee of H & S Mechanical Contractors was operating a sidegrinder with a wire brush attachment. This sidegrinder was being used to brush a weld on a steam pipeline being installed by H & S Mechanical Contractors. The case was tried with a jury. Based on the jury verdict, the trial court entered a take-nothing judgment against Mr. Perry. He appeals from this judgment, attacking the legal and factual sufficiency of the evidence to support the unfavorable findings of the jury. He also attacks the refusal of the trial court to submit the case on the theory of *res ipsa loquitur* and the further refusal to submit other alleged specific acts of negligence on the part of H & S Mechanical Contractors. We affirm.

The jury found, *inter alia*, that H & S Mechanical Contractors negligently failed "to use guards on the equipment," but they declined to find that such failure was a proximate cause of the occurrence in question. The jury also refused to find that H & S Mechanical Contractors was negligent in failing to warn, to lookout, or to use barricades while operating the sidegrinder. Accordingly, the jury left unanswered the corresponding proximate cause issues relating to each of these matters. The jury did, however, find that Mr. Perry was negligent "in his lookout" and "in his facing in the direction of the work area" of H & S Mechanical Contractors and that each of these acts of negligence was a proximate cause of the occurrence in question.

Mr. Perry says he conclusively established: (1) that the negligent failure to use the guard on the equipment was a proximate cause of the occurrence in question; (2) that H & S Mechanical Contractors was negligent in failing to warn, in failing to lookout, and in failing to use barricades when using the sidegrinder equipment with a brush attachment; and (3) that each alleged act of specific negligence was a proximate cause of the occurrence in question.

Mr. Perry was employed by Wiley Hicks, a general contractor, who contracted to do certain remodeling in a garage building at the Pantex plant east of Amarillo, Texas. Mr. Hicks subcontracted all of the mechanical work on the job to H & S Mechanical Contractors. The mechanical work primarily consisted of moving pipes on the outside of the building to accommodate new overhead doors and the installation of a new steam pipeline in the ceiling of the building.

Mr. Perry was assigned to the job on Friday, February 20, 1976. He spent approximately four to six hours at the job site familiarizing himself with the construction activity. The balance of this day was spent at Mr. Hicks's main office reviewing the construction plans for the job.

The accident occurred at approximately 11:30 a. m. on Monday, February 23, 1976. Mr. Perry arrived at work at approximately 7:30 a. m. His duties as superintendent included keeping the work progressing on the job and coordinating the activities of the subcontractors. The testimony provided that Mr. Perry was Hicks's only employee on the site. Two employees of H & S Mechanical Contractors were welding, buffing, and installing new pipe in the ceiling of the building. This process involved making a preliminary weld to join two joints of pipe, which weld was then ground with a grinder. A second weld was made, which was wire-brushed clean before the final connecting weld was completed. The uncontradicted evidence shows that three complete welds were made and the grinder used nine times prior to the accident on this day.

The evidence concerning the accident indicates that an employee of H & S Mechanical Contractors was making a pipe weld at one end of a work vehicle which had been placed in the garage building. Mr. Perry was standing at the other end of the vehicle at an approximate distance of fifteen to twenty feet. The employee was facing away from Mr. Perry while working on the pipes in front of him. It is undisputed that

the employee was in the process of buffing a weld with a sidegrinder which had a wire brush attachment when Mr. Perry was struck in the left eye by a wire. It is further undisputed that no barricades were placed around the welding operation, no warning was given other than noise of the grinder, and no guard mechanism was attached to the sidegrinder.

Mr. Perry, by prior construction experience, was generally familiar with the type of welding operation in process on this particular job. The evidence shows generally that experienced construction workers do not look at or face toward a welding operation, that barricades are not used around the operation, that guarding mechanisms are not used on sidegrinders, and that normally no warnings are made before starting the sidegrinder. This evidence was given by experienced construction workers generally familiar with the particular welding operation being conducted at the time of the accident.

■■■ We do not agree that Mr. Perry conclusively established that the negligent failure to use guards on the equipment was a proximate cause of his injuries. In Texas, two elements are necessary to constitute proximate cause: cause in fact and foreseeability, *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 755 (Tex.1975), and there must be proof of both elements. *Enloe v. Barfield*, 422 S.W.2d 905, 908 (Tex.1967). The test for the element of cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred. *Missouri Pacific Railroad Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977); *Texas & Pacific Railway Co. v. McCleery*, 418 S.W.2d 494, 497 (Tex.1967). The test for the foreseeability element is whether the negligent defendant, as a person of ordinary intelligence and prudence, should have anticipated the danger to others created by his negligent act, and it is not required that he anticipate just how injuries will grow out of the dangerous situation. *Missouri Pacific Railroad Co. v. American Statesman, supra;*

*Clark v. Waggoner*, 452 S.W.2d 437, 439–40 (Tex.1970). The question of proximate cause is generally one of fact. In *Luvual v. Henke and Pillot*, 366 S.W.2d 831, 836 (Tex. Civ.App.—Houston 1963, writ ref'd n. r. e.), the court stated that:

> While there may be cases in which a court would be warranted in holding an act of negligence to be a proximate cause of an injury, such cases are extremely rare and generally a question of proximate cause is one of fact. *Seinsheimer v. Burkhart*, 132 Tex. 336, 122 S.W.2d 1063.

■■■ In the case at bar, Mr. Perry had the burden of persuading the jury that the negligence of H & S Mechanical Contractors in failing to place a guard on the sidegrinder was a proximate cause of his injuries. The jury's refusal to find a fact vital to Mr. Perry's action need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973). It is undisputed that the guard mechanism covered only approximately sixty percent of the circumference area of the brush. The evidence does not show the effect guards on equipment have in preventing accidents. Any inference to such effect is no more than a suggestive surmise. Mr. Perry simply failed to carry his burden of persuasion on this vital issue, and under the circumstances of the case we are not convinced that reasonable minds must necessarily conclude as Mr. Perry contends. Accordingly, we overrule Mr. Perry's contention that he conclusively established that the failure to use guards on the equipment was a proximate cause of his injuries.

Mr. Perry also avers that the jury's refusal to find that H & S Mechanical Contractors' negligence was a proximate cause of his injuries is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In passing on this contention, we are required to consider all of the evidence, both favorable and unfavorable to his position. Having done so, we overrule the contention. We deem the further recitation of evidence or a continued discussion of the controlling case law to be unnecessary.

■ We also do not agree that Mr. Perry conclusively established that H & S Mechanical Contractors negligently failed to warn, to lookout, and to use barricades when operating the sidegrinder equipment on the occurrence in question. As a general rule, the determination of negligence is the province of the trier of fact. *Exchange Bank & Trust Co. v. Kidwell Construction Co.*, 463 S.W.2d 465, 470–71 (Tex.Civ.App.—Tyler 1971, writ, ref'd n. r. e.). The court defined negligence as:

> (b) *Negligence.* A failure to use ordinary care is termed "negligence". "Negligence" may be further defined as doing that which a person of ordinary prudence would not do or a failure to do what a person of ordinary prudence would do under the same or similar circumstances.

This definition is unchallenged. As previously stated, the jury's failure to find a fact vital to Mr. Perry's action need not be supported by affirmative evidence. *Traylor v. Goulding, supra.* The jury's refusal to find any of these vital facts simply means Mr. Perry failed to carry his burden of persuasion on these issues. Under the evidence and the controlling case law, we cannot say, as a matter of law, that he conclusively established these matters. We likewise overrule his contentions that each of these alleged specific acts of negligence, in each instance, was a proximate cause of his injuries.

Mr. Perry further maintains that the jury's failure to find that each of these specific acts was negligence and a proximate cause of the occurrence in question was, in each instance, so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Having reviewed all of the evidence, both favorable and unfavorable to Mr. Perry's position, we overrule these contentions.

■ Mr. Perry also contends that the trial court erred in refusing to submit *res ipsa loquitur* issues to the jury. We do not agree. In *Mobil Chemical Company v. Bell*, 517 S.W.2d 245, 254 (Tex.1974), our Supreme Court stated:

Of course, if the evidence, whether introduced by the plaintiff or the defendant, conclusively establishes the facts surrounding the accident, then there is no room for inferences and the *res ipsa* doctrine is not applicable. . . .

In the case before us, H & S Mechanical Contractors' acts or omissions pertinent to the "facts surrounding the accident" were conclusively established and undisputed by the parties. A part of the ultimate and controlling issues in the case was the legal effect to be given to these acts and omissions, *i. e.*, whether or not each specific act or omission was negligence and a proximate cause of Mr. Perry's injuries. The jury's answers to the special issues submitted predicated the resulting legal effect of these acts and omissions.

■ Mr. Perry further avers that the trial court erred in failing to submit "the issue of Defendant's [H & S Mechanical Contractors] negligent failure to properly inspect the area where the work was being performed" and "the issue of Defendant's negligence and improperly using the equipment on the occasion of the accident." However, the trial court did submit "failure to warn," "failure to lookout," "failure to use guards on the equipment," and "failure to use barricades when using equipment." In *Holmes v. J. C. Penney Company*, 382 S.W.2d 472, 473–74 (Tex.1964), our Supreme Court stated:

> We do, however, take occasion to reiterate that in submitting a case upon special issues, the court should submit only the controlling issues made by the pleadings and the evidence and is not required to submit various phases or shades of the same issue. Rule 279.

Under the evidence in the case before us, the refused issues are merely various phases or shades of the issues submitted by the court. We are persuaded that the trial court fairly submitted the controlling issues raised by the written pleadings and evidence; therefore, we overrule Mr. Perry's contention.

In summary, we overrule Mr. Perry's points of error one through eight, and twenty-six through twenty-eight. Our de-

428

termination of these points is dispositive of this appeal; therefore, we do not reach Mr. Perry's remaining points of error. Accordingly, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

Mr. Perry attacks our conclusion that he failed to carry his burden of persuasion that the negligent failure to place a guard on the sidegrinder was a proximate cause of the occurrence in question. Mr. Perry directs our attention to the testimony of Mr. Wiley Hicks, a contractor with knowledge of the equipment in question. Mr. Hicks testified that a guard was available for the sidegrinder which would leave only the bottom part of the wire brush exposed and would prevent the bristle from flying off in a different direction. Notwithstanding this testimony, the evidence shows that the contractor's employee was brushing a weld around the four inch pipe while using the sidegrinder as a hand tool rather than in a stationary position. Under the circumstances of this case, we cannot say that Mr. Perry conclusively established that the failure to use guards on the equipment was a proximate cause of his injuries. The motion for rehearing is overruled.