NO. 07-05-0140-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 5, 2007
_____

GEORGE ABOUSHADID, INDIVIDUALLY AND ON BEHALF
OF THE ESTATE OF JANELL ABOUSHADID, DECEASED, APPELLANT

V.

GARY WARD, SHANA WARD AND COURTNEY WARD, APPELLEES
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-524,832; HONORABLE BLAIR CHERRY, JUDGE
_____

Before CAMPBELL, J., and BOYD and REAVIS, S.J.[1]

**MEMORANDUM OPINION**

George Aboushadid appeals an adverse summary judgment on his claims arising from the death of his daughter Janell, which occurred when the vehicle in which she was a passenger left the roadway and rolled over. This appeal concerns only Aboushadid's claims, individually and on behalf of his daughter's estate, against the parents of the teen-aged driver of the vehicle. We affirm.

_____

[1] John T. Boyd, Chief Justice (Ret.) and Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Courtney Ward obtained her driver's license within a few days after her sixteenth birthday in mid-July 2003. In August her parents, Gary and Shana Ward, bought a 2003 Chevrolet Trailblazer for Courtney to drive, with the title in their names. In late September Courtney asked permission to drive from Lubbock to Odessa with her friend Shannah Davis to attend a football game between her high school, Lubbock Monterey High School, and Odessa Permian High School. The plan was for Courtney and Shannah to follow Shannah's brother to Odessa for the 7:30 p.m. game, have something to eat after the game, and arrive back in Lubbock between midnight and 1 a.m. After some discussion, including discussion with Shannah's mother, the Wards gave their permission.

Janell Aboushadid was a classmate of Courtney and Shannah who also attended the game. The person with whom Janell rode to Odessa remained there over the weekend so Janell accepted Courtney's offer of a ride back to Lubbock. After eating in the parking lot of a fast-food restaurant, the girls left for Lubbock at 11:30 p.m. Shannah and Janell were riding in the back seat and soon fell asleep. Near the town of Seminole, Courtney's vehicle left the roadway, rolled over and ejected Janell. She died of injuries sustained in the accident. The parties differed on the cause of the incident. Courtney asserted she was struck from behind by another vehicle attempting to pass her. Appellant's theory is that Courtney fell asleep, drifted off the road and "over-corrected," causing the vehicle to roll over.

The Wards executed a settlement agreement with Janell's mother "individually and as representative of the estate of Janell Aboushadid" releasing all claims against the Wards arising out of the event. Janell's father George Aboushadid, divorced from her

2

mother, brought suit against Courtney and the Wards[2] the following month. His claims were asserted individually and on behalf of the estate of Janell for negligence and negligence per se against Courtney. He also asserted claims of negligent entrustment and negligence per se against the Wards, and alleged they were grossly negligent.

Courtney and the Wards filed a motion for partial summary judgment on the negligence per se claim against Courtney and each of appellant's claims against the Wards. They asserted both traditional and no-evidence grounds. *See* Tex. R. Civ. P. 166a(c), (i). Evidence submitted in support of the motion included the affidavits of Gary and Shana Ward, Courtney's deposition testimony, a copy of her driving record from the Department of Public Safety, the Aboushadid divorce degree granting Janell's mother the power to represent her in legal actions and the settlement agreement.[3]

After a hearing, the trial court granted the motion, leaving only the negligence claim against Courtney for trial. The order did not state the grounds on which it was based. On agreement of the parties the court severed the claims against the Wards, making disposition of those claims final. This appeal is brought from the judgment on the severed claims. The two issues appellant's brief asks us to determine are whether the trial court erred in (1) granting partial summary judgment on his claims for negligent entrustment, negligence per se, and gross negligence on traditional grounds, and (2) granting partial

---

[2] In this opinion, we refer to Gary and Shana Ward as "the Wards."

[3] The motion challenged appellant's standing to assert a claim on behalf of Janell and raised the defense of release based on the settlement agreement. We do not reach those issues.

3

summary judgment on no-evidence grounds on his claims of negligent entrustment, negligence per se and his ability to maintain a survival action.[4]

In our review of the trial court's grant of summary judgment, we apply the standards of review set forth in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985) (traditional motion) and *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003) (no-evidence motion).

### *Negligent Entrustment*

We begin by considering whether the Wards established entitlement to summary judgment on appellant's negligent entrustment claim. To establish a claim for negligent entrustment the plaintiff must show (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987).

The Wards' summary judgment motion addressed the second and third elements through traditional and no-evidence grounds. We focus on the third element, which requires proof the owner knew or should have known the driver was unlicensed, incompetent or reckless. *Schneider*, 744 S.W.2d at 596. There is no dispute Courtney

---

[4] The Wards' brief parses these issues into twelve reply issues. Global challenges to the propriety of the summary judgment are permitted, *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970), and we address the issues as presented in appellant's brief.

4

held a valid driver's license permitting operation of the type of vehicle she was driving. Via their no-evidence motion, the Wards asserted appellant had no evidence they knew or should have known her to be an incompetent or reckless driver.

To raise a fact issue regarding the Wards' knowledge of their daughter's asserted incompetence or recklessness, appellant relies on evidence they knew of Courtney's youth and her lack of experience as a driver on a night-time highway trip like she undertook on that occasion, and knew that Courtney would violate Texas Transportation Code section 545.424(a) during the fatal return trip to Lubbock.

Appellant does not contend the Wards knew, or should have known, of any instance in which Courtney, on any prior occasion, had driven in an unlawful, unsafe or otherwise improper manner.[5] The record contains no evidence she had been issued a traffic citation or been involved in a previous accident, or that the Wards' experience riding with their daughter had revealed incompetence or recklessness. *Cf. Pesina v. Hudson*, 132 S.W.3d 133 (Tex.App.–Amarillo 2004, no pet.) (parents knew of six driving incidents in previous two years); *Batte v. Hendricks*, 137 S.W.3d 790, 791 (Tex.App.–Dallas 2004, pet. denied) (summary judgment for owner affirmed in absence of evidence she knew entrustee had driven while intoxicated before); *Russell*, 949 S.W.2d at 490 (father aware, or should have

---

[5] Nor does appellant argue there was evidence of Courtney's recklessness or incompetence as a driver of which the Wards were not aware, but should have been. *See, e.g.*, *Russell v. Ramirez*, 949 S.W.2d 480, 490 (Tex.App.–Houston [14th Dist.] 1997, no writ) (father should have known, even if he did not, of son's six or seven tickets in previous two years); *Bartley v. Budget Rent-A-Car Corp.*, 919 S.W.2d 747, 752 (Tex.App.–Amarillo 1996, writ denied) (under circumstances, rent car company had no duty to "inquire further" into competency of licensed driver).

been, of son's six or seven tickets in previous two years). Rather, appellant emphasizes evidence that Courtney had limited experience driving long distances, at night on the open road, and evidence she had never before driven out-of-town "by herself."

Appellant cites the holding in *Seinsheimer v. Burkhart*, 132 Tex. 336, 122 S.W.2d 1063 (Tex.Comm.App. 1939), that "the condition and experience of a young driver was some evidence of his incompetence." Examination of that opinion shows the court's conclusion some evidence supported a finding of incompetence was based on more than youth and inexperience. The opinion does not indicate whether the driver possessed a license. It recites he "had but a limited experience in driving automobiles; had never driven a car of the same make[.]" 122 S.W.2d at 1067. The court also had before it the testimony of the car owner that during their trip from Galveston to Houston, she "didn't let him drive long, because I was just afraid,– wasn't used to him and my daughter said she couldn't ride with him driving[.]" *Id.* Appellant also cites *Revisore v. West*, 450 S.W.2d 361 (Tex.Civ.App.–Houston [14th Dist.] 1970, no writ.), pointing to language from that opinion stating an entrustor may be deemed negligent where an entrustee is "for any reason lacking in judgment or perception." *Id*. at 364. Viewed in the light most favorable to appellant, the evidence here bears little resemblance to that of *Seinsheimer* or *Revisore*. We do not agree that evidence of Courtney's inexperience permits an inference she lacked judgment or perception, or was otherwise an incompetent driver.

Appellant also contends an amended answer raising the issue of Janell's negligence "in riding with an inexperienced driver after . . . midnight" is an admission Courtney "lacked

the experience necessary to be a competent driver." It is undisputed Courtney did not have experience driving a relatively long distance at night and the Wards were aware of that. We agree the pleading can be taken as an admission Courtney was an inexperienced driver, but do not agree it is an admission of her incompetence. As appellant acknowledges, inexperience alone does not constitute incompetence as a driver. See *Bartley*, 919 S.W.2d at 752 (noting "inexperience" is not present in the "elemental definition" of negligent entrustment).

We turn to appellant's contention that a fact issue is raised on the knowledge element by evidence the Wards knew Courtney would be in violation of Texas Transportation Code section 545.424(a) on the return trip to Lubbock. Enacted by the Legislature in 2001, section 545.424(a) contains restrictions on operation of a motor vehicle by a person under eighteen during the six-month period following issuance of the new driver's license. Tex. Transp. Code Ann. § 545.424(a) (Vernon Supp. 2006). Appellant cites two of the restrictions as applicable here, section 545.424(a)(1), which prohibits such drivers from operating a motor vehicle "after midnight and before 5 a.m. unless operation of the vehicle is necessary for the operator to attend or participate in employment or a school-related activity or because of a medical emergency"; and section 545.424(a)(2), which prohibits such drivers from carrying more than one passenger under 21 years old who is not a family member. The Wards do not dispute that Courtney was subject to the restrictions of section 545.424(a) in September 2003.

Assuming, arguendo, that knowledge Courtney would violate section 545.424(a)(2) by having two passengers of minor age in the vehicle on her return to Lubbock would be

probative of recklessness, we see no summary judgment evidence that the Wards were made aware of that possibility at the time they gave permission for the trip. As noted, Janell decided to ride back to Lubbock with Courtney after they arrived in Odessa. Courtney's apparent violation of section 545.424(a)(2) on that occasion does not raise a fact issue on the knowledge element of negligent entrustment.

The parties apply very different interpretations to the language of section 545.424(a)(1), the driving curfew statute. Appellant argues that because Courtney's attendance at the game was not required, she violated the statute and the Wards knew she would be in violation when returning from the game. The Wards contend Courtney's voluntary attendance at the University Interscholastic League-sanctioned football game fell within the exception for attendance of school-related activities. Summary judgment evidence showed the Wards expected Courtney to arrive home between midnight and 1 a.m. Disposition of this appeal does not require us to determine whether a fact issue was raised concerning Courtney's violation of the driving curfew statute. Even assuming her return trip violated the statute, and further assuming the violation of the driving curfew statute would be probative of recklessness, it is evidence the Wards knew of a single prospective violation of the Transportation Code. Courts have uniformly held individual or isolated driving violations are not evidence of recklessness or incompetence. *See Louis Thames Chevrolet Co. v. Hathaway*, 712 S.W.2d 602, 604 (Tex.App.--Houston [1st Dist.] 1986, no writ) (single ticket not legally sufficient to establish incompetence or recklessness); *Broesche v. Bullock*, 427 S.W.2d 89, 93 (Tex.Civ.App.--Houston [14th Dist.] 1968, writ ref'd n.r.e.) (proof of single violation "grossly inadequate to establish

8

incompetency or recklessness"); *Mayer v. Johnson*, 148 S.W.2d 454, 457 (Tex.Civ.App.--Amarillo 1941, writ dism'd) (single incident not sufficient to establish driver was incompetent, reckless or careless).

Viewing the evidence in the light most favorable to appellant, as we must, we conclude nonetheless there is no summary judgment evidence the Wards knew or should have known Courtney was an incompetent or reckless driver, either generally or with regard to the trip from Odessa to Lubbock. The trial court did not err by granting the Wards summary judgment on the negligent entrustment claim.

*Negligence Per Se*

Appellant's pleadings alleged the Wards violated Transportation Code section 545.424(a) by allowing Courtney to operate a motor vehicle after midnight and before 5 a.m., and with more than one passenger under the age of 21 who was not a family member. Those asserted violations of sections 545.424(a)(1) and (2) form the basis for appellant's negligence per se claim against the Wards. As appellant's reply brief puts it, his "negligence per se claim is based on the Wards' actions in allowing their daughter to knowingly violate Texas Transportation Code § 545.424."

The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The doctrine of negligence per se permits a court to use a penal statute to define the applicable standard of conduct in some circumstances.

*Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001); *Perry v. S.N.*, 973 S.W.2d 301, 304 (Tex. 1998). When applicable, proof of violation of the statute establishes breach of the standard of conduct. *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979); *Borden, Inc. v. Price*, 939 S.W.2d 247, 250 (Tex.App.–Amarillo 1997, writ denied).

The Wards' no-evidence and traditional motions for partial summary judgment presented the contention that violation of section 545.424(a)(1) and (2) could not support a negligence per se claim against them. We initially note that the Wards contended in the trial court, and continue to do so here, that appellant's negligence per se claim based on section 545.424(a) simply asserted another variation of his negligent entrustment claim, and cannot exist outside the framework of negligent entrustment. Appellant insists that the duty recognized in *Rodriguez v. Spencer*, 902 S.W.2d 37, 42 (Tex.App.–Houston [1st Dist.] 1995, no writ), by which a parent may be "directly liable to a third party when the parent negligently permits the child to act in a manner likely to cause injury to another," provides the basis for a cause of action against the Wards, independent of his negligent entrustment claim. We need not address this initial disagreement,[6] because we agree with the Wards that section 545.424(a) cannot provide a standard of conduct for parents of a newly-licensed under-18 driver that makes application of negligence per se appropriate.

The conduct proscribed by section 545.424(a) is the operation of a motor vehicle by the newly-licensed under-18 driver under certain circumstances. On its face, the statute

---

[6] And we express no opinion on the possible application to the Wards of the quoted language from *Rodriguez,* 902 S.W.2d at 42.

10

neither prescribes nor proscribes conduct by the parents of such a driver.[7]   Undisputed evidence establishes that the Wards did not violate section 545.424(a) because they were not driving the vehicle at the time of the accident, and could not violate it because they are over 18 years of age.   Responding on appeal to the Wards' contention that violation of section 545.424 was impossible for them, appellant cites *Rodriguez* and its language concerning parental duties.   But to establish negligence per se, appellant would be required to prove not simply that the Wards owed a duty under our tort law to Janell Aboushadid but that the statute provides the required standard of conduct. *Perry*, 973 S.W.2d at 304-05.   The standard for the Wards' conduct can hardly be provided by a statute that by its terms is inapplicable to them.

Among the factors courts consider to determine whether a penal statute can be the basis for negligence per se is the clarity with which it defines the prohibited or required conduct. *Perry*, 973 S.W.2d at 307.   Section 545.424 defines no prohibited or required conduct applicable to the Wards or other parents who, under appellant's contention, would be subject to liability.   *See Perry*, 973 S.W.2d at 305 (court must consider whether imposition of tort liability on "any and every person" violating statute is appropriate).   This factor alone requires the conclusion that appellant could not maintain a negligence per se action against the Wards based on section 545.424(a).   *See Perry*, 973 S.W.2d at 306 (issue whether statute should form basis of negligence per se not properly resolved by counting factors); *Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 841-42 (Tex.App.–

---

[7] Neither appellant's pleadings nor its response to the Wards' summary judgment motion alleged the Wards had violated Transportation Code section 542.302, and the effect of that statute is not before us.

11

Fort Worth 2006, no pet.) (applying *Perry* factors).  Summary judgment on appellant's negligence per se claim was proper.

*Gross negligence*

Appellant's pleadings asserted the Wards were grossly negligent and sought exemplary damages under chapter 41 of the Civil Practice & Remedies Code.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003 (Vernon Supp. 2006) (standards for recovery of exemplary damages).  The Wards' partial summary judgment motion asserted that appellant could not recover exemplary damages because he had no viable negligence cause of action against them.  We agree.   Tex. Civ. Prac. & Rem. Code Ann. § 41.004; *Juliette Fowler Homes v. Welch Assoc.*, 793 S.W.2d 660, 667 (Tex. 1990) (recovery of actual damages prerequisite to award of exemplary damages).

Appellant's issues are overruled, and the trial court's judgment is affirmed.


James T. Campbell
Justice