**W. L. MARTIN et al., Appellants,**

v.

**Juan BRISENO, Individually and as next friend of his minor son, Jerry Briseno, Appellees.**

No. 4952.

Court of Civil Appeals of Texas, Eastland.

Feb. 10, 1977.

Rehearing Denied March 10, 1977.

William F. Stolhandske, Stolhandske, Simmons & Stolhandske, San Antonio, for appellants.

A. J. Hohman, Jr., Hope, Henderson, Hohman & Georges, San Antonio, for appellees.

WALTER, Justice.

Juan Briseno, individually and as next friend of his minor son, Jerry Briseno, recovered a judgment against W. L. Martin and W. L. Martin, Jr. for $526,433.78 as damages for personal injuries resulting from a one-car collision. The defendants have appealed.

The jury answered special issues as follows: (1) W. L. Martin, Jr. failed to keep a proper lookout; (2) such failure was a proximate cause of the occurrence in question; (3) W. L. Martin, Jr. was driving at an excessive rate of speed; (4) such action was a proximate cause of the occurrence in question; (5) Martin failed to properly apply his brakes; (6) such failure was a proximate cause of the occurrence in question;

"Question No. 7:

Do you find from a preponderance of the evidence that prior to the occasion of July 24, 1974, W. L. Martin, Jr. was a reckless and incompetent driver?

Answer 'We do,' or 'We do not.'

We, the Jury, answer We do.

If you have answered Question No. 7 'We do,' and only in that event, then answer the following question.

Question No. 8:

Do you find from a preponderance of the evidence that when W. L. Martin, Sr. permitted W. L. Martin, Jr. to drive the vehicle on July 24, 1974, he knew that W. L. Martin, Jr. was a reckless and incompetent driver?

Answer, 'We do,' or 'We do not.'

We, the Jury, answer We do."

Appellants objected to the court's charge and asserted by the submission of issue 7 and the conditional submission of issue 8 the court made a comment on the weight of the evidence. We agree.

We are of the opinion the issues should have been submitted in conformity with negligent entrustment issues set forth at § 9.02, Texas Pattern Jury Charges.

Issue 7 inquired about Martin, Jr.'s being a reckless and incompetent driver *"prior to the occasion of July 24, 1974."*

Appellees say:

" . . . Clearly the aforementioned Special Issue did not expressly exclude July 24, 1974 from the jury's consideration, but that the Issue of W. L. MARTIN, JR.'s recklessness and incompetence to operate a motor vehicle included relevant time periods prior to July 24, 1974 and encompassed those periods of time of the 24th day of July, prior and antecedent to the occasion of July 24, 1974.

By the wording 'prior to the occasion of July 24, 1974,' the jury was to consider all time spans up to and immediately preceding the moment of impact of W. L. MARTIN, JR.'s vehicle with the telephone pole."

Appellants say:

" . . . It is clear, that special issue No. 7 as submitted, assumes that if W. L. Martin, Jr. is found by the jury to have been a reckless and incompetent driver, prior to July 24, 1974, then he was in fact, a reckless and incompetent driver on July 24, 1974, or the date in which W. L. Martin, Sr. entrusted his son with an automobile, by its very wording the issue expressly excludes July 24, 1974, as a determinative date of the alleged negligent entrustment."

We agree the issue as submitted assumes if at any time prior to July 24, 1974 Martin, Jr. was a reckless and incompetent driver, he was such a driver on July 24, 1974, the date Martin, Sr. entrusted his son with his car.

We hold this was such a comment on the weight of the evidence as to warrant a reversal of the judgment.

*Gleghorn v. City of Wichita Falls*, Tex., 545 S.W.2d 446 (1976).

The judgment is reversed and the cause is remanded.