**Juan BRISENO, Individually and as next friend of his minor son, Jerry Briseno, Petitioner,**

v.

**W. L. MARTIN et al., Respondents.**

**No. B–6689.**

Supreme Court of Texas.

Nov. 23, 1977.

---

Hope, Henderson, Hohman & Georges, A. J. Hohman, Jr. and James E. Hope, San Antonio, for petitioner.

Stolhandske, Simmons & Stolhandske, William F. Stolhandske and Randall B. Richards, San Antonio, for respondents.

CHADICK, Justice.

Jerry Briseno was injured on July 24, 1974 when the automobile in which he was a passenger collided with a telephone pole. The automobile was owned by W. L. Martin, Sr., and operated by the senior Martin's son, W. L. Martin, Jr. at the time of the collision. A negligent entrustment suit was instituted in Jerry Briseno's behalf. The trial court in response to jury findings awarded recovery of damages for Briseno's injury. The court of civil appeals reversed the trial court judgment on the ground that the submitted special issues impermissibly commented on the weight of the evidence. 547 S.W.2d 364.

The appeal is before this court on the issue of whether the submission of Special Issue No. 7 and the conditional submission of Special Issue No. 8 made an impermissible comment on the weight of the evidence. The special issues in question, and answers thereto, are as follows:

SPECIAL ISSUE NO. 7

Do you find from a preponderance of the evidence that prior to the occasion of July 24, 1974, W. L. Martin, Jr. was a reckless and incompetent driver?

Answer "We do" or "We do not."

We, the Jury, answer: We do.

If you have answered Special Issue No. 7 "We do" and only in that event, then answer the following question.

SPECIAL ISSUE NO. 8

Do you find from a preponderance of the evidence that when W. L. Martin, Sr. permitted W. L. Martin, Jr. to drive the vehicle on July 24, 1974, he knew that W. L. Martin, Jr. was a reckless and incompetent driver?

Answer "We do" or "We do not."

We, the Jury, answer: We do.

Respondent Martin contends that both Special Issue No. 7 and Special Issue No. 8 contain a comment on the weight of the evidence. He argues that Special Issue No. 7 is erroneous because it assumes that if Martin, Jr. was a reckless driver at any time before July 24, 1974, then he was a reckless driver on July 24, 1974, the date on which Martin, Sr. entrusted his son with the car. Special Issue No. 8 is said to make an impermissible comment on the weight of the evidence because it assumes the fact that Martin, Jr. was a reckless and incompetent driver.

█ Whatever the faults of Special Issue No. 7 may be, it is not defective for the reason that its wording expressly excludes July 24, 1974 as a determinative date of the alleged negligent entrustment. Absence of this alleged error is manifest on examination of the entire charge. The validity of an objection to any portion of a charge requires an examination of the charge in its entirety. *Pickens v. Harrison,* 151 Tex. 562, 252 S.W.2d 575 (1952); *Texas Employers Insurance Association v. McKay,* 146 Tex. 569, 210 S.W.2d 147 (1948).

█ The trial court's charge, in three special issues preceding Special Issue No. 7, referred to the July 24, 1974 collision in which Briseno was injured as the "occasion in question." The words "occasion of July 24, 1974" used in Special Issue No. 7, though not the identical words used in the preceding issues, had the same meaning and referred to the same event. In *Graham v.*

*Morris,* 366 S.W.2d 792 (Tex.Civ.App.—Amarillo 1963, no writ), the trial court submitted special issues on various acts of the defendant's truck driver. The court used the phrase "at the time and on the occasion of the collision in question" in each of the issues. The defendant objected that as worded the issues were a comment on the weight of the evidence, particularly as to the defense of emergency, because the phrase precluded the jury from considering the truck driver's conduct prior to the time he, the truck driver, got into a perilous situation. The Amarillo court concluded that the phrase was broad enough to include the time leading up to the collision in question. The same conclusion is reasonable and appropriate in this case. The "occasion of July 24, 1974" when considered in context with the remainder of the charge clearly refers to and includes the time leading up to the collision on that date. The jury's affirmative answer was a finding that W. L. Martin, Jr. was a reckless and incompetent driver at and prior to the time of the collision on the date stated. No error was committed by the submission of Special Issue No. 7.[1]

█ On the other hand, the statement in Special Issue No. 8 that ". . . W. L. Martin, Jr. was a reckless and incompetent driver," without qualifying the assertion by appropriate language, such as, "if you have so found," incidentally comments on the weight of the evidence. The language in question obliquely states the fact that was inquired about in Special Issue No. 7. However, Special Issue No. 8 is expressly conditioned on an affirmative finding in Special Issue No. 7 that Martin, Jr. was a reckless and incompetent driver. The trial court is forbidden by Texas Rules of Civil Procedure 277 to directly comment in its charge on the weight of the evidence, but it is not objectionable under the rule that a

---

1. Knowledge of the incompetency of the driver at the time consent is given is an essential element of a negligent entrustment action. *Seinsheimer v. Burkhart,* 132 Tex. 336, 122 S.W.2d 1063 (1939). Martin suggests, and this court agrees that the problems in Special Issue No. 7 might have been avoided by submitting the issue as follows: "Do you find from a preponderance of the evidence that at the time W. L. Martin, Jr. borrowed W. L. Martin, Sr.'s automobile, W. L. Martin, Jr. was a reckless and incompetent driver?" *See McIntire v. Sellers,* 311 S.W.2d 886 (Tex.Civ.App.—Austin 1958, writ ref'd n. r. e.).

charge incidentally makes such comment. An impermissible comment is not made by the conditional submission of Special Issue No. 8. *See Proctor v. Cisco & Northeastern Railway Co.*, 277 S.W. 1047 (Tex.Comm. App.1925, jdgmt adopted); *Pharr v. Coldeway*, 256 S.W.2d 917 (Tex.Civ.App.—Amarillo 1952, no writ); *McClelland v. Mounger*, 107 S.W.2d 901 (Tex.Civ.App.—Amarillo 1937, writ dism'd); 1 McDonald's Texas Civil Practice § 12.03.2.

There is no error in the charge submitted by trial court. The judgment of the court of civil appeals is reversed and that of the trial court is affirmed.