**Lloyd D. BOUNDS, Appellant,**

v.

**Kerry Tyrone CAUDLE et al., Appellees.**

**No. 1666.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 29, 1980.

Rehearing Denied Jan. 22, 1981.

Lee Mahoney, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellant.

James P. Ryan, Wood & Burney, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from two separate judgments resulting from a consolidated jury trial of a probate proceeding and a tort action. This is the retrial of both suits under the instructions of the Texas Supreme Court in *Bounds v. Caudle*, 560 S.W.2d 925 (Tex.1977). The Supreme Court in the first trial abolished the doctrine of interspousal tort immunity to the extent that the doctrine would no longer apply in cases involving the commission of an intentional tort by one spouse against the other. The Court further ruled that the trial court had erred in certain procedural aspects of the trial.

This cause of action arose as a result of the death of Robbie Morris Caudle Bounds by gunshot. Appellant Dr. L. D. Bounds, was the husband of the deceased at the time of the shooting. Trial was before a jury which found the following: (1) that L. D. Bounds shot and killed Robbie M. Bounds; (2) that such shooting was intentional; (3) that such shooting was wrongful; (4) that appellees were entitled to actual damages in the amount of $25,000.00 for Kerry Caudle and $50,000.00 for Cheryl Caudle; and (5) that appellees were entitled to exemplary damages in the amount of $75,000.00 each. The court rendered judgments in accordance with the jury findings. Dr. L. D. Bounds appeals from both judgments.

Robbie M. Bounds and Dr. Bounds were married in 1962. No children were born to them during their marriage of nearly nine years; however, each of them had two children by prior marriages. Their marriage contained much discord and even some physical abuse. On the night of the shooting, Robbie M. Bounds and Dr. Bounds had been arguing extensively when a revolver was brandished. During the altercation, Robbie M. Bounds was shot twice and died almost immediately. There is conflicting evidence in the trial court as to whether Dr. Bounds intentionally shot Robbie Bounds or whether she was unintentionally shot while he was attempting to wrest the revolver from her grasp.

Appellant has brought forward nine points of error. For discussion purposes, we have grouped appellant's nine interrelated points into three areas.

Appellant first contends, in points of error one and two, that the trial court erred in submitting an issue inquiring as to whether or not the shooting was intentional for the reason that such issue was not an ultimate issue. We disagree.

The Supreme Court in the first trial of this case abolished the doctrine of interspousal tort immunity to the extent that it would no longer bar claims for *intentional torts* committed between spouses. *Bounds v. Caudle,* 560 S.W.2d 925 (Tex.

1977). Subsequent cases under this doctrine have held that Texas does not permit spouses to recover from each other for negligently inflicted injuries. Therefore, the doctrine of interspousal tort immunity will be applied unless an intentional tort has been committed. *Robertson v. Estate of McKnight,* 591 S.W.2d 639 (Tex.Civ.App.—Tyler 1979), rev'd on other grounds, 609 S.W.2d 534 (Tex.1980); *Bruno v. Bruno,* 589 S.W.2d 179 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). Accordingly, in order for appellees to recover against appellant for the wrongful death of their mother it was necessary for them to establish that their cause of action was based on an intentional tort, thereby bringing them within the exception of the interspousal tort immunity doctrine. We hold that a finding by the jury that the shooting was intentional was a necessary prerequisite to appellees' cause of action and hence an ultimate issue. An ultimate issue is one that is essential to a right of action and a trial court is under a duty to submit such ultimate issues. *Wichita Falls and Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79 (1940); *Perales v. Braslau's Furniture Company,* 493 S.W.2d 638 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Appellant's points of error one and two are overruled.

Appellant, in the alternative, contends in points of error three, four, five, six and seven that if special issue number two was properly submitted then the trial court erred in refusing to grant his requested instructions on self defense and accident. Rule 279, T.R.C.P. reads:

"... Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

The record reflects that appellant only tendered a substantially correct instruction on the defenses of accident and self defense with regard to special issue three. While appellant did request these same instructions for special issue two, he

failed to tender a substantially correct instruction to the trial court, therefore, there is no ground for reversing the trial court for its failure to submit these instructions in connection with special issue number two. Rule 279, T.R.C.P.; *Yellow Cab and Baggage Company v. Green*, 154 Tex. 330, 277 S.W.2d 92 (1955); *First State Bank and Trust Company of Edinburg v. George*, 519 S.W.2d 198 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Appellant's points of error three, four, five, six and seven are overruled.

Appellant's last contention, argued in points of error eight and nine, complains of the trial court's refusal to grant appellant's requested instruction on accident in connection with special issue three which asked whether or not the shooting was wrongful. Having held that special issue number two was an ultimate issue and thereby properly submitted, we hold that the trial court did not err in refusing the instruction on accident with regard to the issue of wrongfulness. The jury, by finding that the shooting of Robbie M. Bounds by Dr. L. D. Bounds was intentional, effectively found that the shooting was not accidental. Accident is the complete opposite of intentional. An accidental killing arises only when the act which causes the death was unintentionally done. *Harris v. State*, 150 Tex.Cr.R. 38, 198 S.W.2d 264 (1946); *Egbert v. State*, 76 Tex.Cr.R. 663, 176 S.W. 560 (Tex.Sup.1915). There was, therefore, no need to submit an instruction on accident as it would not have aided the jury in answering the special issue on the wrongfulness of the shooting. *Gonzalez v. Texas Department of Human Resources*, 581 S.W.2d 522 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *First State Bank and Trust Company of Edinburg v. George*, supra.

Furthermore, it is well established that a trial court has considerable discretion in deciding what instructions are necessary and proper in submitting issues to the jury. Rule 277, T.R.C.P.; *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.Sup.1974); *Zacek v. Automated Systems Corporation*, 541 S.W.2d 516 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). We hold that no abuse of discretion has been shown. We further hold, that even if the requested instruction could be deemed proper, we cannot say that the trial court's refusal to submit such an instruction probably caused the rendition of an improper judgment. Rule 434, T.R.C.P.; *Zacek v. Automated Systems Corporation*, supra. Appellant's points of error eight and nine are overruled.

The judgments of the trial court are affirmed.